IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 6 2012
_____ CLERK
BY_____ DEPUTY

**DUSTIN CLIBURN**  PLAINTIFF

VS.  CASE NO. 3:12cv238 CWR-LRA

**THE MANUFACTURED HOME
CENTER, INC.
d/b/a WOODS HOME CENTER, AND
JOHN K. DITTO, III**  DEFENDANTS

## COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Dustin Cliburn, by and through his attorneys, and files this Complaint against Defendants, The Manufactured Home Center, Inc., pursuant to the Fair Labors Standards Act for unpaid overtime wages. The actions of Defendants constitute a willful violation of the Fair Labor Standards Act. The actions of Defendant, The Manufactured Home Center, Inc., also constitute Fraud and Tortious Interference. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1.  The Plaintiff, Dustin Cliburn, is an adult resident citizen of Rankin County, Mississippi residing at 201 Fairview Drive, Brandon, Mississippi 39047.

2.  The Defendant, The Manufactured Home Center, Inc., is a Mississippi corporation. Defendant may be served with process in Hinds County through its registered agent, Justin J. Peterson, at 1501 Lakeland Drive, Suite 320, Jackson, MS 39216.

3. The Defendant, John K. Ditto, III, is an adult male resident of Mississippi and can be served with process at 2134 Sheffield Drive, Jackson, MS 39211

4. The Defendant, The Manufactured Home Center, Inc., falls within the definition of a covered employer as set out in Section 203 of the Fair Labor Standards Act.

5. The Defendant, John K. Ditto, III, is individually liable under the Fair Labor Standards Act as President for The Manufactured Home Center, Inc.

## JURISDICTION

6. Defendant, The Manufactured Home Center, Inc., is a covered Employer as defined by the Fair Labor Standards Act and jurisdiction is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) and venue is proper in this Court.

## FACTS

7. Plaintiff and Defendants signed an Employment Agreement on May 28, 2010 and, therefore, began his employment on that date.

8. Said Employment Agreement was modified on September 1, 2010.

9. Pursuant to the terms of the Agreement, Plaintiff was entitled to receive 25% of the net profits of Woods for each month of his employment.

10. Said compensation was to be paid within eight (8) business days of the end of the month.

11. As of today, Plaintiff has yet to receive his sales compensation for August, September, and October of 2011.

12. Plaintiff estimates that he is entitled to, at the very least, $14,078.25 in sales compensation for both August and September. This is in no way a final calculation and

does not include October of 2011.

13. Plaintiff was also entitled to receive $1,000.00 per home for "successfully locating and negotiating the purchase of homes to be located in the [Homewood Communities] for lease or sale."

14. Plaintiff never received his fee for any home he located and placed on behalf of Defendants. Plaintiff is owed in excess of $15,000.00 under this portion of the Employment Agreement.

15. In the summer of 2010, Defendants received an Order from the State of Mississippi to garnish Plaintiff's wages.

16. For a six (6) month period of time, Defendants garnished Plaintiff's wages in the amount of approximately $1,2000.00 a month for an estimated total of $7,200.00.

17. Following his termination, the State of Mississippi informed Plaintiff that Defendants failed to comply with the garnishment order, as Defendants failed to remit the withheld funds.

18. Plaintiff was forced to pay the State of Mississippi $7,200.00 to rectify the matter.

19. As a result, Defendant improperly retained over $7,000.00 of funds belonging to Plaintiff.

20. As part of his compensation, Defendant provided Plaintiff with a 2007 Chevrolet Avalanche which served as a company vehicle.

21. In October 2010, Plaintiff and Defendant agreed that Plaintiff would purchase the vehicle from Defendant.

22. From October 2010 to January 2011, Defendant withheld $1,000.00 per

month as payment for the vehicle.

23. In February of 2011, Defendant deducted the balance owed on the truck from Plaintiff's February paycheck.

24. Plaintiff paid Defendant a total of approximately $16,000.00 for the vehicle which, under the agreement, represented payment in full.

25. Despite Plaintiff's payment, Defendant has failed to transfer good and legal title to the vehicle purchased by Plaintiff.

26. As the sales manager, Plaintiff was an employee of Defendant.

27. Throughout the majority of his employment, Defendant withheld taxes from Plaintiff's paycheck.

28. At some point during 2011, Defendant started treating Plaintiff as an independent contractor. No reason was given for this change and Plaintiff's job duties did not change in any way.

29. As a result, it appears that Plaintiff's federal and state withholdings for 2011 were inaccurate.

30. In 2011, Defendant failed to properly fund the loans that secured the homes being sold by Defendant. This forced Defendant to sell homes out of trust.

31. Among other things, this forced Defendant's ability to replenish inventory and, in turn, frustrated Plaintiff's ability to perform his job and receive compensation.

32. Plaintiff repeatedly reported his concerns to Defendant, to no avail.

33. Furthermore, Defendant engaged in a series of activities designed to improperly increase the monthly expenses incurred by Defendant.

34. These actions included but were not limited to: improper management fees;

forcing contractors to purchase materials from Complete Mobile home supply, regardless of the price; and raising lot rents.

35. Each of these activities improperly increased Defendant's monthly expenses, thereby decreasing Plaintiff's compensation.

36. This frustrated Plaintiff's performance of the Employment Agreement and breached the implied covenant of good faith and fair dealing.

37. Instead of discussing these concerns with Plaintiff, Defendant unexpectedly and without warning terminated Plaintiff in October of 2011.

38. Since the date of his termination, Plaintiff has learned that Defendant sent written communications to various lending institutions encouraging them to no longer do business with Plaintiff.

39. These written communications contained misrepresentations and wrongfully accused Plaintiff of criminal activity all in an attempt to defame and otherwise maliciously and tortiously interfere with Plaintiff's business relationships.

40. Defendants' actions were willful, intentional, and in reckless disregard for Plaintiff's rights protected by the laws of the State of Mississippi.

## CAUSES OF ACTION

### COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 38 above as if fully incorporated herein.

40. Plaintiff is a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage

and overtime pay for all hours over forty (40) hours worked in a given week.

41. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

42. The Plaintiff has not been paid overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ his regular rate of pay.

43. Defendants' actions constitute a willful and intentional violation of the Fair Labor Standards Act.

## COUNT II: FRAUD

44. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 43 above as if fully incorporated herein.

45. Defendant, acting by and through its agents and employees, did knowingly, willfully, and intentionally commit fraud against Plaintiff.

46. As direct and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer lost earnings and benefits and has suffered from other pecuniary loss.

47. Plaintiff has been harmed as a result of Defendant's fraud and Defendant is liable to Plaintiff for the same.

## COUNT III: BREACH OF CONTRACT

48. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 47 above as if fully incorporated herein.

49. Defendant did knowingly, willfully, and intentionally breach the employment contract entered into with Plaintiff.

50. Prior to Defendant's breach of contract, Plaintiff complied with and performed all the conditions imposed upon him by the Employment Contract.

51. As direct and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer lost earnings and benefits and other pecuniary loss.

52. Plaintiff has been harmed as a result of Defendant's Breach of Contract and Defendant is liable to Plaintiff for the same.

## COUNT IV: BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING

53. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 52 above as if fully incorporated herein.

54. Defendant did knowingly, willfully, and intentionally breach the implied warranty of good faith and fair dealing.

55. As direct and proximate result of Defendant's breach, Plaintiff suffered and continues to suffer lost earnings and benefits and other pecuniary loss.

56. Plaintiff has been harmed as a result of Defendant's breach of the implied warranty of good faith and fair dealing and Defendant is liable to Plaintiff for the same.

## COUNT V: TORTIOUS INTERFERENCE

57. Plaintiff incorporates the above paragraphs 1 through 56 as though specifically set forth herein and alleges as follows:

58. Defendant's actions constitute tortious interference in violation of the Laws of the State of Mississippi.

59. Plaintiff has suffered adverse employment action as a result of the Defendant's interference.

60. Plaintiff has been harmed as a result of the Defendants' interference and Defendant is liable to the Plaintiff for the same.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

(1) That Plaintiff be awarded an amount which represents:

   a. Payment for all due and unpaid compensation under the terms of Mr. Cliburn's Employment Agreement;

   b. Payment for all garnished and unremitted wages;

   c. Payment for all withheld and unremitted federal and state taxes;

   d. Settlement for all wrongful and tortious conduct during Mr. Cliburn's employment with Woods, up to and including his termination; and

   e. Settlement for all defamatory and/or tortiously interfering activity occurring after Mr. Cliburn's termination.

(2) Reinstatement;

(3) Backpay;

(4) Compensatory damages;

(5) Liquidated damages;

(6) Punitive damages;

(7) Attorneys' fees;

(8) Costs and expenses;

(9) A transfer of good an legal title to the 2007 Chevrolet Avalanche purchased by Dustin Cliburn as set forth above.

(10) A statement of assurance that all officers, agents and/or representatives of Woods will cease and desist from any further defamatory and otherwise maliciously and tortiously interfering conduct with Dustin Cliburn's on-going business interests;

(11) A transfer of good and legal title to the 1999 16x80 "Lifestyle Homes" Manufactured Home (Serial Number SSLAL38916) purchased from Green Tree Servicing LLC on September 12, 2011;

(12) An agreement to cease any and all investigatory proceedings concerning the package of homes purchased from Green Tree Servicing, LLC in September 2011 (including but not limited to any proceedings instituted by Traveler's Insurance against Mr. Cliburn on behalf of Woods) and an agreement releasing Mr. Cliburn for any and all liability for the same.

THIS, the 6th day of April, 2012.

Respectfully submitted,

DUSTIN CLIBURN, PLAINTIFF

By: _____
LOUIS H. WATSON, JR. (MB#9053)
NICK NORRIS (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

LOUIS H. WATSON, JR., P.A.
628 N. State St.
Jackson, MS 39202-3303
Telephone:  (601) 968-0000
Facsimile:  (601) 968-0010
Email:      louis@louiswatson.com